20667

Carol Ann PARKER, Administratrix of the Estate of Donnie Edward Parker, Respondent, v. WILLIAMS & MADJANIK, INC.. J. M. Ford, Ansley and Sutton Construction Company, Charles Ackley and James J. Reinbolt, James L. Williams, Donald Madjanik, William A. Nolan and George E. Darmstatter d/b/a Island Properties of which James J. Reinbolt is, Appellant.

(243 S. E. (2d) 451)

*Joseph R. Young* of *Young, Clement & Rivers,* Charleston, *for appellant.*

*John E. Parker* of *Murdaugh, Peters & Murdaugh,* Hampton, and *James H. Moss* of *Moss, Carter, Branton & Bailey,* Beaufort, *for respondent.*

April 19, 1978.

LEWIS, Chief Justice:

Respondent's intestate was killed while working on a building on Hilton Head Island, South Carolina, when the

building collapsed after a load of plywood to form the roof was lowered on some of the rafters for storage. This action to recover for the intestate's wrongful death was subsequently brought against the owners, several contractors involved in the construction of the building, and two architects, one of which was the appellant, James J. Reinbolt, a nonresident architect who designed and furnished plans for the building of the prime contractor. Appearing specially, appellant moved to set aside the attempted service of the summons and complaint, contending that the court did not thereby acquire personal jurisdiction over him in this action. This appeal is from an order of the lower court denying the foregoing motion. We think that the lower court acquired personal jurisdiction over appellant and, therefore, affirm.

Appellant is an architect who lives in Akron, Ohio, where he is licensed and maintains his office. He is not licensed to practice architecture in South Carolina. In September 1973, appellant visited Hilton Head Island, South Carolina, for several days to study the feasibility and possible design of the construction project here involved. He subsequently designed and supplied the architectural plans for the project, with his name stamped thereon in the legend as follows: "James J. Reinbolt, Architect, 925 Nome Ave., Akron, Ohio, 44320." At various times appellant had telephone conversations with the owners concerning the project, some of which were between Ohio and South Carolina.

The building plans were prepared in Ohio and payment was made to appellant in that State. The oral contract between appellant and the owners was made in Ohio and under it appellant had no duty to supervise construction of the project.

The complaint alleged, in pertinent part, that the death of the intestate was caused by the negligent, reckless, and wanton acts of appellant in the following particulars to-wit:

(a) In designing the said building so that it was unsafe and unreasonably dangerous to those performing work on the said building;

(b) In failing to follow accepted architectural and building construction standards in the design of the said building;

. . . . .

(f) In failing to warn the deceased and others of the unreasonably dangerous design and construction of the said building even though he knew or in the exercise of due care should have known of the defective design and construction.

The evidence sustains the findings of the lower court that appellant came to Hilton Head Island, South Carolina, in September 1973 for the purpose of transacting business concerning the buildings to be designed and constructed on the project in question; that he did design the buildings and prepared the construction plans for the buildings to be constructed on the site at Hilton Head Island; and that the numerous conversations between appellant by telephone from Ohio with the owners related to the project under construction.

The lower court correctly concluded that it acquired personal jurisdiction over appellant under Section 36-2-803(1) of the 1976 Code of Laws, which provides, in part, that a person may be subjected to the jurisdiction of the courts of this State, if he (a) transacts any business in this State, (b) contracts to supply services or things in the State, or (c) commits a tortious act in whole or in part in this State.

Appellant came to South Carolina to study the feasibility of the project and had numerous conversations with the owners concerning its design and construction. The alleged tortious conduct of appellant concerning the architectural plans was a result of the business transactions within the State. This was not a contract to do a thing in any State, but was an agreement to design a building to be located on a particular site in this State. This brought

appellant directly in contact with the particular construction project which was carried out according to the plans prepared by him. The lower court properly concluded that appellant transacted business within this State and contracted to supply services or things in the State within the meaning of Section 36-2-803(1), subsections (a) and (b).

The lower court also properly held that appellant had subjected himself to the jurisdiction of the court by commission of a tortious act in whole or in part in this State within the meaning of subsection (c) of Section 36-2-803(1).

It is generally held that a provision, such as Section 36-2-803(1) (c), predicating jurisdiction on the commission of a tort "in whole or in part" in the State, is applicable where in-state injurious consequences resulted from out-of-state wrongful acts or omissions. See 62 Am. Jur. 2d, Process, Section 79; and cases collect in Annotations: 19 A. L. R. 3d 13, Section 7; 23 A. L. R. 3d 551. We accordingly hold that the commission of a "tortious act in whole or in part in this State" applies to in-state injuries resulting from out-of-state acts or omissions.

As pointed out by the trial judge: "Generally, the place of the wrong is determined where the last event necessary to make an actor liable for an alleged tort takes place, or, as otherwise stated, the place where the injury is suffered rather than the place where the act which caused the injury was committed." 86 C. J. S. Torts § 25.

Appellant designed a building which he knew was to be constructed on Hilton Head Island, South Carolina. This building allegedly collapsed from negligent design by appellant, causing the intestate's death. The injury from the negligent design was suffered in South Carolina, which subjected appellant to the jurisdiction of the courts of this State.

Since jurisdiction is conferred over appellant by Section 36-2-803, it is necessary to determine whether the exercise of that jurisdiction would offend con-

stitutional standards of due process. The following from the order under appeal correctly disposes of this issue:·

"In the famous case, *Pennoyer v. Neff*, 95 U. S. 714, 24 L. Ed. 565, it was established that the due process clause of the Fourteenth Amendment is violated when a court renders a personal judgment against a nonresident defendant without having jurisdiction over him, and that as a matter of due process, it cannot acquire jurisdiction merely by serving process upon him outside of the forum or by service by publication. The trend to broaden a state's jurisdiction was substantially advanced in 1945 in the case of *International Shoe Company v. Washington*, 326 U. S. 310, 66 S. Ct. 154, 80 [90] L. Ed. 95, which announced a new jurisdictional test for nonresident defendants. International Shoe teaches us that the broadened concept of due process only requires that certain minimal contact within the territory of the forum must be shown so that the maintenance of an action against the nonresident defendant will not offend traditional notions of fair play and substantial justice. The opinion in *International Shoe* apparently left open the issue of whether jurisdiction is permissible on the basis of a single transaction within the territorial jurisdiction of the court. However, the single transaction issue was resolved in *McGee v. International Life Insurance Company*, 355 U. S. 220, 78 S. Ct. 199, 2 L. Ed (2d) 223, in which the Supreme Court stated that the due process clause of the Fourteenth Amendment was not violated by a state asserting jurisdiction over a foreign corporation on the basis of a single or isolated transaction. There is apparently a diversity of opinion on whether or not *McGee* is limited to insurance contracts. 20 A. L. R. 3d 1201. It is the opinion of this court that the holding in *McGee* is not limited to insurance contracts, and that jurisdiction may be asserted on the basis of a single isolated transaction, so long as the maintenance of the action does not offend traditional notions of fair play and substantial justice.

"Our (This) court has established four considerations which are to be used in determining whether a nonresident has sufficient contacts in the state to confer jurisdiction. These considerations are: (1) the duration of the nonresident's activity in the state; (2) the character and circumstances of the commission of the nonresident's acts; and (3) the inconveniences of the parties in conferring or refusing to confer jurisdiction over the nonresident. *Boney v. Trans-State Dredging Company,* 237 S. C. 54, 115 S. E. (2d) 508.

"In addition to the criteria set forth above, the courts in other jurisdictions, in determining whether or not they can constitutionally exercise jurisdiction over a nonresident defendant often look to the interest of the state in exercising jurisdiction. *State v. Advanced Marketing Consultants, Inc.,* 66 Wis. (2d) 706, 225 N. W. (2d) 887.

"[T]he length and duration of the nonresident's activity in the state, is not deemed important, and needs only to be minimal, when the plaintiff lives in the forum state and the cause of action arose out of the defendant's activities in this state. *Lee v. Walworth Valve Company,* 482 F. (2d) 297 (4th Cir. 1973).

"The activities of Mr. Reinbolt took place over an extended period of time, even though he only came to South Carolina on one occasion. He was constantly in touch by telephone with the owners of the property in South Carolina concerning the construction of the building which he designed.

"In weighing the convenience of the parties, it is reasonable to conclude that most of the witnesses in this case would be located in South Carolina, since the building collapsed and the death occurred in South Carolina.

"South Carolina has an interest in protecting its citizens from negligently designed buildings that are designed by architects, practicing their professions outside of the State of South Carolina.

"In conclusion, the court finds that Section 36-2-803, confers jurisdiction over the defendant, and further finds the presence of those minimal contacts necessary to constitutionally subject the defendant to the reach of South Carolina's jurisdiction. It does not appear that requiring the defendant to defend in South Carolina will be unfair, cause undue hardship upon the defendant, or otherwise offend traditional notions of fair play and substantial justice. Accordingly, the exercise of jurisdiction in the instant case does not offend the due process clause of the Fourteenth Amendment."

Judgment affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.