0194

AETNA CASUALTY AND SURETY COMPANY, Respondent, v.
Jack Gordon JENKINS, Jr., Appellant.

(317 S. E. (2d) 460)

Court of Appeals

*N. H. Hamilton,* of *Hamilton & MacGregor,* Summerville, *for appellant.*

*G. Trenholm Walker,* of *Wise, Cole & Pearlman,* Charleston, *for respondent.*

Heard April 23, 1984.

Decided June 11, 1984.

SANDERS, Chief Judge:

Appellant Jack Gordon Jenkins, Jr., appeals from an order of the circuit judge holding the court had personal jurisdiction over him and proper service of process had been made upon him by respondent, Aetna Casualty and Surety Company. We affirm.

In August 1974, Jenkins was employed as the Clerk and Treasurer of the Town of Summerville, South Carolina. Aetna alleges it entered into a suretyship agreement with Jenkins which obligated the company, as surety for Jenkins as principal, to the Town in the penal sum of $10,000, conditioned upon Jenkins' faithful performance of his duties. The agreement was dated August 1, 1974, and provided for an indefinite term beginning September 1, 1974. Aetna further alleges that in June 1979, it was notified by the Town of "certain irregularities and discrepancies in the amount of public funds being handled by and under the charge" of Jenkins and was

ultimately required by the terms of the agreement to pay the town the full amount of its obligation.

Aetna instituted this action against Jenkins in the Court of Common Pleas for Dorchester County, South Carolina, seeking indemnity of the amount it was required to pay. Service of process was made on Jenkins by registered mail, return receipt requested, to his home address in Gary, North Carolina. The returned receipt was signed with the name "Jack G. Jenkins, Jr."

Jenkins then filed two separate Notices of Special Appearance and Motions to Dismiss. In one, he sought dismissal on the ground he was a resident of North Carolina at the time of service and thus not subject to the jurisdiction of the court in South Carolina. In the other, he contended he was not properly served, since the suit papers were received by a 13-year-old boy who was not a person of discretion. In support of his first motion, Jenkins filed an affidavit to the effect that he had moved to North Carolina in March 1979 and has continuously resided, purchased a home and registered to vote there. The circuit judge denied both motions and Jenkins appealed.[1]

## I

We first address the question of whether the court may exercise personal jurisdiction over Jenkins. Section 36-2-803 of the 1976 Code of Laws of South Carolina, the so-called "long arm" statute, provides in part as follows:

> (1) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's . . .
>
> (g) entry into a contract to be performed in whole or in part by either party in this State . . . .

---

[1] Jenkins also appeals from the order of the circuit judge settling the record on appeal wherein the judge rejected his proposed Statement of the case. We have reviewed his proposed Statement and find it contains potentially disputed facts that deal with the merits of the cause of action. Thus, it was properly disallowed pursuant to Supreme Court Rule 4, § 3(A). *See Bank for Savings and Trusts v. Towe*, 231 S. C. 268, 98 S. E. (2d) 539 (1957). (Statement should not include disputed fact where objection is made by one party to the action.) Furthermore, even if we were to consider the proposed Statement, it would make no difference to the result which we reach here.

(2) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him ....

The agreement alleged was clearly a contract entered into by Jenkins which anticipated performance in South Carolina. Furthermore, Aetna alleges, and Jenkins does not dispute, that this contract was in fact performed in South Carolina. It is equally clear that the cause of action alleged arises from this contract. Thus, we hold the plain language of Code section 36-2-803 allows personal jurisdiction over Jenkins in this case.

Jenkins argues the assertion of personal jurisdiction over him violates his constitutional right of due process.

The landmark decision of *Pennoyer v. Neff,* 95 U. S. (Otto) 714, 24 L. Ed. 565 (1878) (the bane of existence for all first-year law students), held the due process clause of the 14th Amendment prevents a state court from asserting personal jurisdiction over a nonresident by the service of process outside the state or by service through publication. The holding in *Pennoyer* was substantially modified by the subsequent case of *International Shoe Co. v. State of Washington,* 326 U. S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945) which announced a new jurisdictional test for nonresidents. *International Shoe* held the due process clause is not violated if the nonresident has certain minimal contacts within the state asserting jurisdiction over him, so that the maintenance of the action will not offend traditional notions of fair play and substantial justice. *International Shoe* left open the question of whether jurisdiction is permissible on the basis of a single transaction within the state. This question was resolved in *McGee v. International Life Insurance Company,* 355 U. S. 220, 78 S. Ct. 199, 2 L. Ed. (2d) 223 (1957), which held a state could assert jurisdiction over a foreign corporation based upon the single transaction of entering into an insurance contract. There is apparently a diversity of opinion as to whether the holding in *McGee* is limited to insurance contracts. *See* Annot., 20 A.L.R. (3d) 1201 (1968). However, our Supreme Court has held it is not so limited, and personal jurisdiction may be asserted on the basis of only a single

transaction, so long as the maintenance of the action does not offend the *International Shoe* test of fair play and substantial justice. *Parker v. Williams & Madjanik, Inc.*, 270 S. C. 570, 243 S. E. (2d) 451 (1978).

*Parker* enumerated three factors to be considered in determining whether a nonresident has sufficient contacts in South Carolina for the state to assert personal jurisdiction. These are: (1) the duration of the nonresident's activity in the state, (2) the character and circumstances of the commission of the nonresident's acts and (3) the inconveniences of the parties in conferring or refusing to confer jurisdiction over the nonresident. In addition to this criteria, *Parker* also cited with approval the practice of some other states in looking to whether the state has any interest in exercising jurisdiction. *See, e.g., State v. Advanced Marketing Consultants, Inc.*, 66 Wis. (2d) 706, 225 N. W. (2d) 887 (1975). *See also World-Wide Volkswagen Corporation v. Woodson*, 444 U. S. 286, 100 S. Ct. 559, 62 L. Ed. 490 (1980) (holding a critical factor to be whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there").

Here, Jenkins resided in South Carolina and served in a public office or position in this state for more than four years. The acts which he allegedly committed were all done in South Carolina, both entering into the suretyship agreement with Aetna and causing Aetna to be required to make payment to the Town pursuant to this agreement. In considering the convenience of the parties, it is reasonable to presume most of the witnesses in this case would be located in South Carolina. Furthermore, South Carolina has an obvious interest in the performance of persons holding public offices or positions in this state. Finally, it does not appear that requiring Jenkins to defend in South Carolina will offend traditional notions of fair play and substantial justice. We reject as utterly frivolous Jenkins' argument that his contact with South Carolina was insufficient for him to reasonably anticipate being "haled into court" here. For these reasons, we hold the exercise of personal jurisdiction over Jenkins in this case does not offend the due process clause of the 14th Amendment.

## II

We next address Jenkins' contention that he was not properly served because the suit papers were received by a 13-year-old boy who was not a person of discretion. Jenkins filed no affidavit and presented no evidence of facts in support of this contention. Neither did he argue the question in his brief.

We hold proper service was accomplished pursuant to section 36-2-806 of the 1976 Code which provides in part as follows:

> (1) When the law of this State authorizes service outside this State, the service, when reasonably calculated to give actual notice, may be made ...
>
>> (c) by any form of mail addressed to the person to be served and requiring a signed receipt ....
>
> (2) Proof of service outside this State may be made by affidavit of the individual who made the service or in the manner prescribed by law of this State.... When service is made pursuant to paragraph (c) of subsection (1) of this section, proof of service shall include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court.

In *Lewis v. Congress of Racial Equality, etc.*, 275 S. C. 556, 274 S. E. (2d) 287 (1981), the quoted provisions of this Code section were approved by our Supreme Court which held procedural fairness is insured by the requirement that the evidence of service be "satisfactory to the Court."

Here, the circuit judge made a specific finding that satisfactory service had been accomplished. Furthermore, it is undisputed that whoever recieved the suit papers delivered them to Jenkins in time for him to appear and defend, as manifested by the timely filing of his motions to dismiss.

Under the circumstances, we need not reach the question of whether service must be made on "a person of discretion." This particular service of process statute contains no such requirement. Even if such a requirement could be read into the statute, there is nothing in the record before us which indicates the person who received the suit papers was not a person of discretion.

The only due process consideration as to manner of ██ service is that the statutory method of service must be "reasonably calculated to reach interested parties." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U. S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950). *See also Virginia Lime Company v. Craigsville Distributing Company, Inc.*, 670 F. (2d) 1366 (4th Cir. 1982) (held constitutional a similar statute authorizing service by certified mail to "last known address"). Here, service was not only reasonably calculated to reach Jenkins, it actually did reach him.

Accordingly, the order of the circuit court is

Affirmed.

GARDNER and GOOLSBY, JJ., concur.