22281

CHICAGO EASTERN CORPORATION, Respondent, v.
David Eugene SHAW, Appellant.

(328 S. E. (2d) 632)

Supreme Court

*Jay E. Hodge, Jr.,* Cheraw, *for appellant.*

*James A. Spruill, III,* Cheraw, *for respondent.*

Heard Feb. 18, 1985.

Decided April 9, 1985.

NESS, Justice:

This is an action by respondent Chicago Eastern Corporation to enforce an Illinois judgment against appellant Shaw for a debt owed on account. Appellant alleges the trial court erred in entering judgment against him because the Illinois court lacked personal jurisdiction in the initial suit. We disagree and affirm.

Appellant was employed by respondent in Illinois until 1976 when he moved to South Carolina and became one of respondent's dealers. Appellant sold respondent's line of equipment by placing telephone orders to the Chicago office where the products were manufactured and shipped to South Carolina. Unpaid invoices gave rise to the original Illinois suit.

Default judgment was entered against appellant by an Illinois court in 1981. In 1982, respondent brought this suit in South Carolina to enforce its judgment.

Appellant contends the Illinois judgment is void for lack of personal jurisdiction over him. We disagree.

In order for a court to exercise *in personam* jurisdiction over a non-resident defendant, the minimum contacts test must be met. *International Shoe Company v. State of Washington,* 326 U. S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945); *Krell v. The Carolina Bank,* 320 S. E. (2d) 491 (S. C. App. 1984); *Parker v. Williams & Madjanik, Inc.,* 270 S. C. 570, 243 S. E. (2d) 451 (1978).

Appellant's contacts with the state of Illinois include numerous telephone calls placing orders over the years, one or more trips to Illinois to pick up products, and the execution of four dealership agreements by respondent in Illinois and appellant in South Carolina.

We hold appellant's contacts with Illinois were more than sufficient to confer jurisdiction over appellant under the *International Shoe* case, as well as Illinois' long arm statute which is identical to our own. S. C. Code of Laws, § 36-2-802, *et seq.* (1976).

Affirmed.

LITTLEJOHN, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.