22901

Patricia Huffman HENDRIX, Respondent v. Roscoe Bivins HENDRIX, Appellant.

(371 S. E. (2d) 528)

Supreme Court

*E. Windell McCrackin* and *David J. Gundling,* both of *McCrackin, Barnett, Gundling & Richardson,* Myrtle Beach, *for appellant.*

*John P. Henry* and *Emma Ruth Brittain,* both of *Thompson, Henry & Gwin, P.A.,* Conway, *for respondent.*

Heard June 9, 1988.

Decided Aug. 29, 1988.

CHANDLER, Justice:

Appellant (Husband) appeals a Family Court Order refusing to dismiss Respondent's (Wife) action for separate maintenance and support. We affirm.

## FACTS

Husband and Wife were married in 1962 and lived in South Carolina during subsequent periods of the marriage. In 1985, they moved to Texas by reason of husband's employment, then returned to South Carolina in 1986.

In May 1986, they separated. Husband returned to Texas; Wife remained in South Carolina. In December 1986, Husband was transferred to California, where he was personally served with the summons and petition in this action.

Husband and Wife jointly own a home in Myrtle Beach, South Carolina, on which a mortgage is held by Peoples Federal Savings and Loan, and on which Husband has been paying mortgage payments, taxes and insurance. They have

a joint checking account at C&S National Bank, Myrtle Beach, from which Husband makes car payments for his own vehicle and that of their daughter, Alice. Alice, a student at the College of Charleston, has been supported by Husband.

Husband moved to dismiss the action pursuant to Rule 12(b)(2), SCRCP, for lack of personal jurisdiction over him. The Family Court denied the motion, holding that personal jurisdiction was authorized by S. C. Code Ann. § 15-9-750 (1976), which provides for personal service outside the state in cases where service by publication is permitted under § 15-9-710.[1]

## ISSUE

The sole issue is whether § 15-9-710 and -750 authorize personal jurisdiction over out-of-state defendants and, if so, under what circumstances.

## DISCUSSION

Relying upon prior South Carolina decisions dating from *Tillinghast v. Boston & Port Royal Lumber Co.,* 39 S. C. 484, 18 S. E. 120 (1893), Husband contends that §§ 15-9-710 and -750 apply only to in rem actions, and do not confer personal jurisdiction over nonresident defendants. *See also Emanuel v. Ferris,* 63 S. C. 104, 41 S. E. 20 (1902) and *Dyar v. Georgia Power Co.,* 173 S. C. 527, 176 S. E. 711 (1934).

It is true that such limitation was imposed on these statutes by *Tillinghast. Tillinghast,* in turn, was mandated by the U. S. Supreme Court decision in *Pennoyer v. Neff,* 95 U. S. 714, 24 L.Ed. 565 (1878), which expressly held that in personam jurisdiction over a nonresident could be conferred only by personal service within the state in which the action is commenced.

*Pennoyer,* however, was substantially modified by *International Shoe Co. v. Washington,* 326 U. S. 310, 66 S. Ct. 154,

---

[1] Section 15-9-710(7) reads: When the defendant is a party to an annulment proceeding or where the subject of the matter involves the custody of minor children, support of minor children or wife, separate maintenance or a legal separation.

90 L.Ed. 95 (1945).[2] The new rule announced in *International Shoe* permits in personam jurisdiction over nonresidents who maintain *minimum contacts* within the forum state. Where the existence of such contacts is established, due process is not offended. We have so held in *Parker v. Williams & Madjanick, Inc.*, 270 S. C. 570, 243 S. E. (2d) 451 (1978) and *Aetna Casualty v. Jenkins*, 282 S. C. 107, 317 S. E. (2d) 460 (Ct. App. 1984).

In short, the proscription in *Pennoyer* having been removed, *Tillinghast* no longer governs: §§ 15-9-710 and -750 apply with equal force to actions in personam.

## CONCLUSION

We overrule *Tillinghast* and its progeny decisions to the extent they limit application of §§ 15-9-710 and -750 to actions in rem.

Specifically, we hold that these statutes apply also to actions in personam, so long as the due process minimum contacts requirement is satisfied.

Here, the finding of minimum contacts by the Family ■ Court is fully supported in the record; indeed, Husband does not challenge the finding. *Cf. Crowe v. Crowe*, 289 S. C. 330, 345 S. E. (2d) 498 (1986).

Accordingly, the Order is affirmed.

Affirmed.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.

---

[2] Subsequent decisions of the U. S. Supreme Court have reaffirmed the principle enunciated in *International Shoe. See, e.g., Hanson v. Denckla*, 357 U. S. 235, 78 S. Ct. 1228, 2 L.Ed. (2d) 1283 (1958) and *Kulko v. California Superior Court*, 436 U. S. 84, 98 S. Ct. 1690, 56 L.Ed. (2d) 132 (1978) (which, as here, involved issues of domestic relations).