898 F.2d 147
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Joseph SIMMONS, Plaintiff-Appellant,
v.
CITY OF GEORGETOWN, SOUTH CAROLINA; State of Florida;
Florida Highway Patrol; James Bryant Arnold, Jr.; Sean
Francis Corrigan; James Reid; Nelson Brown; John Corbett,
Patrolman; South Carolina Highway Patrol; Zena M. Parsen;
Georgetown Police Department; Robert Lewis Vogle, Jr.,
Defendants-Appellees.
 No. 89-6535.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 31, 1989.
Decided: March 7, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. Solomon Blatt, Jr., District Judge. (C/A Nos. 86-1062-2, 87-1104-2)
 John Joseph Simmons, appellant pro se.
 Edwin Eugene Evans, Sr., Joseph Lewis, Jr., Office of the Attorney General of South Carolina; John C. Thomas, William Edward Lawson, McCutcheon, McCutcheon & Baxter, PA, for appellees.
 D.S.C.
 AFFIRMED.
 Before SPROUSE and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 John J. Simmons, a South Carolina prisoner, appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action which alleged that the defendants violated his constitutional rights in connection with his arrest on narcotics charges. We affirm.
 
 
 2
 The district court's judgment for Arnold, Corrigan, Reid, Brown, Parsen, the South Carolina Highway Patrol, the Georgetown Police Department, and the City of Georgetown is affirmed for the reasons stated by the district court. Simmons v. City of Georgetown, C/A Nos. 2:86-1062-1J (D.S.C. Jan. 13, 1989). We affirm the judgment for defendant Corbett on the ground the Simmons' claims against him, like most of his claims against the defendants named above, were barred by collateral estoppel. We affirm the judgment in favor of defendant Vogle because he did not violate Simmons' constitutional rights by informing the Georgetown Police Department that he suspected Simmons of transporting narcotics to South Carolina. The judgments in favor of the State of Florida and the Florida Highway Patrol are affirmed because these entities are not "persons" subject to suit under 42 U.S.C. Sec. 1983.* Will v. Michigan Dep't of State Police, 57 U.S.L.W. 4677 (U.S. June 15, 1989) (No. 87-1207).
 
 
 3
 We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The district court dismissed the action against Vogle, the State of Florida, and the Florida Highway Department for lack of personal jurisdiction. This result was arguably incorrect, however. See Calder v. Jones, 465 U.S. 783 (1984) (due process clause allows state to assert personal jurisdiction over nonresidents whose intentional and allegedly tortious acts outside the forum state were aimed at a resident of the forum state); Parker v. Williams & Madjanik, Inc., 270 S.C. 570, 243 S.E.2d 451 (1978) (construing Sec. 36-2-803(1)(c) to give South Carolina courts personal jurisdiction over nonresidents who commit torts outside the state which cause injuries in South Carolina). We therefore affirm the court's judgment on other grounds