**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

State of South Carolina ex rel. Robert M. Ariail, Solicitor, Thirteenth Judicial Circuit, Respondent,

v.

Eighty-Eight One Hundred Forty-Eight Dollars and 45/100th ($88,148.45), Three Hundred Twenty-Two ($322.00) Dollars and Eighty Dollars ($80.00) and Contents of Safe Deposit Box 22031, Moon Magruder at Wachovia Bank contents Defendant Property and Moon Cha Magruder, Interested Party, Defendants,

Of Whom Moon Cha Magruder is the Appellant.

Appellate Case No. 2010-169267

_____

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

_____

Unpublished Opinion No. 2012-UP-388
Heard May 9, 2012 – Filed June 27, 2012
Withdrawn, Substituted and Refiled September 19, 2012

_____

**AFFIRMED**
_____

Kenneth P. Shabel and John R. Holland, both of Spartanburg, for Appellant.

Sylvia Paris Harrison, Thirteenth Judicial Circuit Solicitor's Office, of Greenville, for Respondent.

**PER CURIAM:** Moon Cha Magruder appeals the circuit court's order refusing to vacate a default judgment entered against her and her property in the State's civil forfeiture action. She argues the circuit court erred in failing to find the solicitor's Affidavit for Service by Publication (Affidavit) was fraudulent. We affirm.

"Motions for relief under Rule 60(b) are within the [circuit] court's discretion, and this court will not reverse the [circuit] court absent an abuse of discretion." *Hillman v. Pinion*, 347 S.C. 253, 255, 554 S.E.2d 427, 429 (Ct. App. 2001). "An abuse of discretion in setting aside a default judgment occurs when the judge issuing the order was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support." *Roberson v. S. Fin. of S.C., Inc.*, 365 S.C. 6, 9, 615 S.E.2d 112, 114 (2005) (quoting *In re Estate of Weeks*, 329 S.C. 251, 259, 495 S.E.2d 454, 459 (Ct. App. 1997)).

Magruder's sole basis for setting aside the default judgment is that representations made by Assistant Solicitor Harrison in her Affidavit to the effect that she had "exhausted all known avenues to locate" Magruder is false and fraudulent.

Section 15-9-710 of the South Carolina Code (2005) authorizes the issuance of an order for service by publication when it appears by affidavit to an issuing officer that (1) the defendant or interested party is a resident of this state but cannot, after due diligence, be found within the state, and a cause of action exists against him; or (2) he is a non-resident but has property located within the state, and the state has jurisdiction over the subject of the action.[1] When the issuing officer is satisfied with the affidavit, his decision to issue the order of publication is final, absent fraud or collusion. *Wachovia Bank of S.C., N.A. v. Player*, 341 S.C. 424, 428-29, 535 S.E.2d 128, 130 (2000). Magruder does not claim collusion.

---

[1] We note a suit for forfeiture of property is a civil action in rem. *Pope v. Gordon*, 359 S.C. 572, 581, 598 S.E.2d 288, 293 (Ct. App. 2004), *aff'd*, 369 S.C. 469, 633 S.E.2d 148 (2006). Section 15-9-710 applies to actions in rem as well as to actions in personam. *Hendrix v. Hendrix*, 296 S.C. 200, 203, 371 S.E.2d 528, 530 (1988).

A party asserting the fraudulent nature of a statement must demonstrate:

> (1) a representation; (2) the falsity of the representation; (3) the materiality of the representation; (4) knowledge of its falsity, or reckless disregard for its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of the falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.

*First Union Mortg. Corp. v. Thomas*, 317 S.C. 63, 71, 451 S.E.2d 907, 912 (Ct. App. 1994).

We affirm,[2] finding even if the statements Magruder identified in the Affidavit were inaccurate, she failed to establish fraud. In challenging the Affidavit, Magruder established that she was represented by counsel in her criminal cases for the duration of this civil action and that the criminal division of the Solicitor's office not only knew about but communicated with her counsel regarding the criminal actions. On the other hand, Assistant Solicitor Harrison argues the printouts attached to the Affidavit do not indicate that Harrison, who practiced in the civil division, had access to information concerning Magruder's criminal counsel. We reject the State's argument. The State, in particular the Solicitor, is charged with knowledge of whatever facts were known to Harrison as well as whatever facts were known to Harrison's fellow assistant solicitors. *See Crystal Ice Co. of Columbia, Inc. v. First Colonial Corp.*, 273 S.C. 306, 309, 257 S.E.2d 496, 497 (1979) ("It is well established that a principal is affected with constructive

---

[2] In reaching the merits of this issue, we find meritless the State's argument that a two-year statute of limitations barred Magruder's motion to reopen the case. An aggrieved party must commence a civil action "upon a statute for a forfeiture or penalty to the State" within two years. S.C. Code Ann. §§ 15-3-20, -550 (2005). "A civil action is commenced when the summons and complaint are filed with the clerk of court if actual service is accomplished within one hundred twenty days after filing." § 15-3-20(B). To the extent a civil action was commenced in this matter, the State commenced it on November 11, 2008, with the filing of its summons and complaint. Magruder's June 11, 2010 filing was a motion in an existing case, not pleadings commencing an independent civil action, as in *Hackworth v. Greenville County*, 371 S.C. 99, 102, 637 S.E.2d 320, 322 (Ct. App. 2006). Accordingly, the statute of limitations did not bar Magruder's motion.

knowledge of all material facts of which his agent receives notice while acting within the scope of his authority."); *see also Michigan v. Jackson*, 475 U.S. 625, 634 (1986), *overruled on other grounds by Montejo v. Louisiana*, 556 U.S. 778 (2009) (". . . Sixth Amendment principles require that we impute the State's knowledge from one state actor to another.").

We note South Carolina requires a movant seeking relief under Rule 60(b)(3) to establish extrinsic fraud. *See Raby Constr., L.L.P. v. Orr*, 358 S.C. 10, 20, 594 S.E.2d 478, 483 (2004) ("South Carolina maintains the distinction between extrinsic and intrinsic fraud, even when the allegations are raised through a Rule 60(b)(3) motion filed within one year of the entry of judgment."); *see also Chewning v. Ford Motor Co.*, 354 S.C. 72, 80, 579 S.E.2d 605, 610 (2003) (requiring extrinsic fraud as a basis for vacating a judgment (citing *Bryan v. Bryan*, 220 S.C. 164, 167-68, 66 S.E.2d 609, 610 (1951))). Although at oral argument Magruder's counsel opined the fraud alleged in this case was intrinsic, we need not reach this distinction because (1) fraud is Magruder's sole theory for seeking relief and (2) we see no fraud of either sort.

Under the circumstances of this case, it seems that ordinary prudence would have led Assistant Solicitor Harrison to have inquired of her fellow assistant solicitor handling the criminal cases as to his or her knowledge of Magruder's whereabouts. The countervailing argument is that she showed reasonable diligence to serve Magruder at the only address Magruder furnished officers at the time of her arrest and that she had listed for her bond. In her challenge, Magruder makes no attempt to demonstrate where she resided at the time service by certified mail was attempted, nor has she shown that the person who signed for the mail at the New York address was not authorized under Rule 4(d)(8), SCRCP,[3] to receipt for it. She simply states in her affidavit that she was not staying at the residence at the time of the attempted service. Moreover, she has not shown that as to the Solicitor's office, her last known address was not the New York address. Finally, Magruder does not contend her attorney had authority to accept service of the forfeiture suit papers, or that contacting her attorney would have led to the disclosure of her "true" residence. We, therefore, hold that fraud has not been shown.

---

[3] Rule 4(d)(8) requires the trial court to set aside a default judgment "pursuant to Rule 55(c) or Rule 60(b) if the defendant demonstrates to the court that the return receipt was signed by an unauthorized person."

While we heartily disagree with the State's characterization of Magruder's argument on appeal as "frivolous," Magruder failed to demonstrate the State acted either recklessly or intentionly in making the inaccurate statements in the Affidavit.  Accordingly, Magruder failed to establish fraud in the procurement of the order of publication, and we must affirm the circuit court's decision not to set aside the default judgment.

**AFFIRMED.**

**PIEPER and GEATHERS, JJ., and CURETON, A.J., concur.**