23056

William Andrew HOPKINS, Respondent v.
FLOYD'S WHOLESALE, Employer, Petitioner.
(382 S. E. (2d) 907)

Supreme Court

*Hugh L. Willcox, Jr.,* Florence, *for petitioner.*

*John E. Miles,* Sumter, *for respondent.*

Heard May 16, 1989.

Decided July 31, 1989.

TOAL, Justice:

This Court granted writ of certiorari to the Court of Appeals to consider its decision, *Hopkins v. Floyd's Wholesale*, 295 S. C. 154, 367 S. E. (2d) 447 (Ct. App. 1988). The Court of Appeals' decision addresses the appropriate rule governing the period for timely filing of workers' compensation claims where an employee fails to file his claim before the statute of limitations has run, because the employee relies upon assurances made by his employer that his claim is compensable and will be taken care of by the employer. The Court of Appeals adopted a rule which tolls the statute of limitations during the period of the employee's reliance. We affirm.

## FACTS

On February 25, 1982, William A. Hopkins suffered a serious accidental injury within the scope of his employment. His employer, Floyd's Wholesale, made voluntary payments to Hopkins for a period of sixteen months following the accident. Hopkins filed a workers' compensation claim with the South Carolina Workers' Compensation Commission (Commission) approximately eight months later, two years and two days from the date of the accident.

Following a hearing on the merits, Commissioner Kimpson held Hopkins' claim was compensable. Commissioner Kimpson found "[t]hat Floyd's Wholesale continued to compensate the Claimant until June 26, 1983, sixteen (16) months after the date of the accident. The Claimant relied upon the Defendant's assurances that he would receive compensation for himself and his medicals for some twelve (12) months after the accident." Commissioner Kimpson's Order was affirmed by the Full Commission.

The Circuit Court reversed, finding the action was barred by S. C. Code Ann. § 42-15-40 (Law. Co-op. 1976) which requires claims for workers' compensation be filed within two years after an accident and further finding the Commission had made no finding regarding Hopkins' reliance upon Floyd's Wholesale's assurances of compensation. The Court of Appeals reversed the Circuit Court, reinstating the Commission Order, holding that the Commission had found Floyd's Wholesale made payments and assurances to Hop-

kins upon which he relied, that substantial evidence existed in the record to support the Commission's findings, and that Hopkins' claim was not time barred, as it was filed within two years, following the date of Floyd's Wholesale's last voluntary payment to Hopkins.

## DISCUSSION

The statute of limitations applicable to Hopkins' workers' compensation claim requires employees to file claims for workers' compensation within two years following the date of the accident. S. C. Code Ann. § 42-15-40 (Law. Co-op. 1976). However, this Court has recognized that an employer may be estopped to assert the statute of limitations as a bar to subsequently filed suits "if by his conduct he has induced the claimant to believe that the claim is compensable and will be taken care of without its being filed with the Commission within the period limited." *Skipper v. Marlowe Mfg. Co.*, 242 S. C. 486, 131 S. E. (2d) 524, 525 (1963). In order to obtain greater clarity in the remainder of this opinion, the period during which an employee is induced by the employer to believe his claim is compensable and will be taken care of without the employee filing a claim will be referred to as a reliance period.

The sole issue before this Court is the appropriate rule governing the period for timely filing of workers' compensation claims following a reliance period. Prior decisions of this Court have recognized a split in authority in other jurisdictions between two widely accepted rules. *Id; Duncan v. Gaffney Mfg. Co.*, 214 S. C. 502, 53 S. E. (2d) 396 (1949). The first rule requires an employee to file a workers' compensation claim within a reasonable time following the reliance period. The second rule tolls the statute of limitations during the reliance period, with the result that in South Carolina, the employee would have two years following the reliance period in which to file a timely claim.

We believe the rule, adopted by the Court of Appeals, which tolls the statute of limitations during the reliance period is the better rule. The fact finder in these types of cases must necessarily determine that a reliance period existed and that the claim is otherwise compensable. To hold that claims must be filed within a

reasonable time following the end of the reliance period would add yet another layer of fact finding resulting in greater uncertainty as to which claims are compensable. This uncertainty would inevitably result in an increase in litigation associated with such claims.

Additionally, a "reasonable time" rule could potentially lead to the anomalous result that an employee, lulled into inaction in filing a claim for an extended period of time by the representations and assurances of his employer, may find his claim barred by the statutory limitation period if he reasonably could have filed prior to the end of the statutory period. Such a result would rob employees of the benefit which the rule estopping employers from asserting the statute of limitations seeks to confer. The potential for such a result could encourage misconduct by employers.

The rule which tolls the statute of limitations during the reliance period results in greater certainty as to the compensability of a given claim and provides employees with the benefit of protection afforded by the equitable rule. Therefore, this Court adopts the rule which tolls the statute of limitations during the reliance period; the opinion of the Court of Appeals is

Affirmed.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.