637 S.E.2d 320

**Edman HACKWORTH and Debbie Kay Hackworth, Appellants,**

**v.**

**GREENVILLE COUNTY and Greenville County Sheriff's Department, Respondents.**

**No. 4174.**

Court of Appeals of South Carolina.

Heard Sept. 13, 2006.

Decided Nov. 6, 2006.

William Henry Thomas, of Greenville, for Appellants.

Russell W. Harter, Jr., of Greenville, for Respondents.

WILLIAMS, J.:

Edman and Debbie Hackworth appeal the trial court's grant of summary judgment in favor of Greenville County and the

Greenville County Sheriff's Department. The Hackworths seek to recover $152,016 seized during the sheriff department's investigation into their alleged illegal gambling.

## FACTS

During 1999, the Greenville County Sheriff's Department investigated Edman and Debbie Hackworth for suspected gambling activity. The sheriff's department executed search warrants on the Hackworth's home, one of their businesses, and two safety deposit boxes. These searches yielded evidence of the Hackworth's gambling, including *inter alia* over $160,000 in cash, computers, phones, a paper shredder, and parlay cards. On September 7, 1999, Edman and Debbie were arrested on charges of "betting, pool-setting, bookmaking and the like," and Edman was also charged with "setting up a lottery."

Ultimately, Edman reached a plea agreement with the sheriff's department whereby he would forfeit $152,016 of the seized cash and plea guilty to the lesser charge of "adventure in the lotteries" and pay a $125 fine. In exchange, all of the original charges against Debbie and Edman were *nol prossed* and approximately $14,000 was returned to them. On September 30, 1999, Edman signed a document entitled "consent forfeiture of monies derived from gambling." This document stated that it was the parties' desire to enter into a compromise settlement to avoid litigation, and that Edman voluntarily relinquished his right to $152,016 "pursuant to § 16–19–80, Code of Laws of South Carolina (1976), as amended."[1] Although the document had signature blocks for Edman, an assistant solicitor, a sheriff's deputy, and a circuit court judge, only Edman signed the document.

Edman pled guilty to "adventure in the lotteries" and paid the $125 fine. All three of the original charges against Edman and Debbie were *nol prossed.*

---

1. South Carolina Code Ann. § 16–19–80 (2005) states "[a]ll and every sum or sums of money staked, betted or pending on the event of any such game or games as aforesaid are hereby declared to be forfeited." The statute does not provide a process for law enforcement to follow with forfeited money.

The Hackworths claimed the $152,016 forfeiture as a deduction from their federal income tax for 1999. The Internal Revenue Service denied this deduction, and the federal tax court affirmed the denial at the resulting tax trial. Two sheriff's department deputies served as witnesses at the Hackworth's tax trial.

The Hackworths claimed that during the tax trial they discovered that a judge did not sign the consent to forfeiture. As a result, on April 7, 2004, they initiated the present action against the sheriff's department seeking to recover the $152,016. In the present civil action, the Hackworths assert unlawful seizure, conversion by the sheriff's department, and creation of a constructive trust to protect the money. The circuit court heard oral arguments and granted the sheriff's department's motion for summary judgment based on the statute of limitations.

## STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *White v. J.M. Brown Amusement Co.*, 360 S.C. 366, 601 S.E.2d 342 (2004). In determining whether any triable issues of fact exist, the evidence and all inferences which can reasonably be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Medical Univ. of South Carolina v. Arnaud*, 360 S.C. 615, 602 S.E.2d 747 (2004). "[W]hen plain, palpable, and indisputable facts exist on which reasonable minds cannot differ, summary judgment should be granted." *Hedgepath v. American Tel. & Tel. Co.*, 348 S.C. 340, 355, 559 S.E.2d 327, 336 (Ct.App.2001).

## DISCUSSION

The Hackworths argue that the trial court erred in dismissing their claim on a motion for summary judgment and that the court incorrectly interpreted the requirements of civil forfeiture pursuant to South Carolina Code Ann. Section 16–19–80 (1976) by disregarding due process rights to a hearing. We disagree.

 The court granted summary judgment based on the statute of limitations. For claims filed under the Tort Claims

Act, the statute of limitations is two years after the loss was or should have been discovered. *See* S.C.Code Ann. § 15–78–110 (2005). The date on which discovery of the cause of action should have been made is an objective, rather than subjective, question. *Kreutner v. David,* 320 S.C. 283, 285, 465 S.E.2d 88, 90 (1995).

> In other words, whether the particular plaintiff actually knew he had a claim is not the test. Rather, courts must decide whether the circumstances of the case would put a person of common knowledge and experience on notice that some right of his has been invaded, or that some claim against another party might exist.

*Young v. South Carolina Dep't of Corrections,* 333 S.C. 714, 719, 511 S.E.2d 413, 416 (Ct.App.1999).

■ On September 30, 1999, the Hackworths either knew or should have known they lost their ownership interest in the $152,016 when Edman signed the consent to forfeiture. If the Hackworths thought their property was improperly seized and retained, they should have initiated an action before September 30, 2001.

However, the Hackworths claim the statute of limitations should not run until after their federal tax case was resolved because the money was evidence at that time, and they could not get it back while the case was pending. They assert the fact that two sheriff's deputies testified for the IRS gives them reason to believe the cash could have been used as evidence during trial. The money was never used in any of the Hackworth's court appearances.

There is no evidence in the record to support the Hackworth's position. The only evidence indicating the Hackworths either knew or should have known that the sheriff's department claimed ownership interest in the money is the "consent to forfeiture" document and the testimony that the Hackworths claimed a deduction on their 1999 tax return for the exact amount of the forfeiture. There is no testimony to suggest the cash was retained as sheriff's department property on any date other than September 30, 1999, the date of the forfeiture. Therefore, the statute of limitations began to run on that date.

The Hackworths also argue that due process requires judicial approval of the forfeiture. Citing *United States v. Minor,*

228 F.3d 352 (4th Cir.2000) and *United States v. Aguirre*, 264 F.3d 1195 (10th Cir.2001), the Hackworths contend that no forfeiture occurred because there was not a forfeiture hearing. However, these federal cases are distinguishable because Edman consented to forfeit the cash and thus had knowledge of the forfeiture when it occurred, whereas the forfeitures in the federal cases were involuntary and the hearing served as notice to the defendants. Even if due process requires such a hearing, we need not address this claim because the Hackworths neglected to demand such a hearing and did not challenge the voluntary forfeiture within the two-year statute of limitations. In fact, the Hackworths failed to assert their claims for over four and one half years.

Notably, Edman agreed to forfeit his gambling proceeds in exchange for his plea to a lesser charge, all charges against him and his wife being *nol prossed*, and the return of $14,000. Edman and Debbie enjoyed the full benefit of that agreement and cannot now bring suit to recover the money.

The Hackworths failed to provide evidence that would tend to support their position. All of the evidence presented to the trial judge showed the Hackworths were aware of the money's forfeiture. Therefore, the trial court was justified in granting summary judgment.

Accordingly, the circuit court's decision is

**AFFIRMED.**

GOOLSBY, and BEATTY, JJ., concur.