659 S.E.2d 213

**Floree HOOPER, as Personal Representative of the Estate of Albert L. Clinton, Deceased, Appellant,**

v.

**EBENEZER SENIOR SERVICES AND REHABILITATION CENTER, Respondent.**

No. 4350.

Court of Appeals of South Carolina.

Heard March 4, 2008.

Decided March 10, 2008.

Rehearing Denied April 18, 2008.

218

220

John S. Nichols, of Columbia and Robert V. Phillips, of Rock Hill, for Appellant.

R. Gerald Chambers and R. Hawthorne Barrett, both of Columbia, for Respondent.

ANDERSON, J.:

In this action for wrongful death and negligence under the survival statute, Floree Hooper appeals the trial court's grant of summary judgment to Ebenezer Senior Services and Rehabilitation Center (Ebenezer) based on the statute of limitations. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

In February 2003, Albert Clinton became a resident of Ebenezer, a nursing home facility. Two months later, Clinton was taken to a hospital and remained there until his death on May 15, 2003. Hooper, as Personal Representative of Clinton's Estate, filed an action against Ebenezer on February 6, 2006, for negligence under the survival statute and wrongful death.

When Hooper's attorney (Counsel) received the filed pleadings from the clerk of court, he called Ebenezer's telephone number. A receptionist answered, "Agape Rehabilitation." Counsel inquired about Ebenezer Senior Services and was told the business had been sold and was now Agape Rehabilitation (Agape). A telephone search revealed Agape had the same street address as Ebenezer. Counsel drove to the location, and signage identified the facility as "Agape Rehabilitation of Rock Hill."

Counsel searched the South Carolina Secretary of State's website and found a current listing for Ebenezer as a domestic entity in good standing listing a registered agent: "Jack G. Hendrix, Jr., 1415 Richland Street, Columbia, SC." Counsel forwarded the pleadings to the Richland County Sheriff's office for service upon Hendrix, but service was not accomplished because he "moved to an unknown address on Assembly St."

Counsel hired an investigator to locate Hendrix. The investigator discovered an address in Pelion, and Counsel again sent the pleadings to the Richland County Sheriff's Department for service. The Richland County Sheriff's Department returned the pleadings because the address was in Lexington

County. Counsel transmitted the pleadings to the Lexington County Sheriff's Department for service, and the Sheriff's office responded with an affidavit stating the department was unable to serve the pleadings because "per neighbor [Hendrix] left his wife a year ago and unknown where he lived now."

Having exhausted his options of service by sheriff, Counsel hired an investigator to take the papers to Agape. The investigator served the pleadings upon Janet Inkelaar, the administrator of Agape Rehabilitation, on June 15, 2006, at the facility. Inkelaar indicated she was authorized to accept service on Ebenezer's behalf. By Hooper's calculation, service was completed 129 days after the filing of the summons and complaint.

Ebenezer moved the circuit court to dismiss the action, asserting it was not commenced in a timely fashion pursuant to Rule 3, SCRCP, and section 15-3-530 of the South Carolina Code, the three year statute of limitations. Hooper argued: (1) the statute of limitations should be equitably tolled; (2) the 120-day period under Rule 3(a), SCRCP, should not begin to run until the end of the limitations period; (3) Ebenezer should be estopped from asserting the statute of limitations due to its own unlawful actions; and (4) under Rule 86, SCRCP, the former version of Rule 3, SCRCP, should apply to permit service within a reasonable time after filing following delivery to the sheriff.

The Master in Equity, sitting as a Special Circuit Judge, ruled the action was not timely commenced because it was not served within 120 days of filing. Hooper sought reconsideration of the court's order, and a hearing was scheduled. Hooper then served notice of appeal from the dismissal, and the hearing on reconsideration was not held.

## ISSUES

1. Did the 120 day period for service under Rule 3(a), SCRCP, commence when the action was filed or when the limitations period expired?

2. Did the circuit court properly refuse to equitably toll the statute of limitations?

3. Is it unjust and inequitable to permit Ebenezer to assert the statute of limitations as a defense?

4. Should the circuit court have applied the former Rule 3(a), pursuant to Rule 86, SCRCP, and determined that service was timely when completed within a reasonable time after delivery to the sheriff?

## STANDARD OF REVIEW

Summary judgment is defined by Rule 12(c), SCRCP:

If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

*Id.*

When reviewing a grant of summary judgment, the appellate court applies the same standard which governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Pye v. Estate of Fox*, 369 S.C. 555, 633 S.E.2d 505 (2006); *Houck v. State Farm Fire & Cas. Ins. Co.*, 366 S.C. 7, 11, 620 S.E.2d 326, 329 (2005); *Bradley v. Doe*, 374 S.C. 622, 649 S.E.2d 153 (Ct.App.2007); *Bennett v. Investors Title Ins. Co.* 370 S.C. 578, 635 S.E.2d 649 (Ct.App.2006); *see* Rule 56(c), SCRCP ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."). In determining whether any triable issues of fact exist, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. *Helms Realty, Inc. v. Gibson–Wall Co.*, 363 S.C. 334, 611 S.E.2d 485 (2005); *Medical ·Univ. of S.C. v. Arnaud*, 360 S.C. 615, 602 S.E.2d 747 (2004); *Hackworth v. Greenville County*, 371 S.C. 99, 102, 637 S.E.2d 320, 322 (Ct.App.2006); *Rife v. Hitachi Constr. Mach. Co., Ltd.*, 363 S.C. 209, 609 S.E.2d 565 (Ct.App.2005).

The purpose of summary judgment is to expedite the disposition of cases which do not require the services of a fact finder. *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433,

438 (2003) (quoting *George v. Fabri,* 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001)); *Moore v. Weinberg,* 373 S.C. 209, 217, 644 S.E.2d 740, 744 (Ct.App.2007); *Mulherin–Howell v. Cobb,* 362 S.C. 588, 596–97, 608 S.E.2d 587, 592 (Ct.App.2005). Because it is a drastic remedy, summary judgment should be cautiously invoked to ensure that a litigant is not improperly deprived of a trial· on disputed factual issues. *Helena Chem. Co. v. Allianz Underwriters Ins. Co.,* 357 S.C. 631, 644, 594 S.E.2d 455, 462 (2004); *B & B Liquors, Inc. v. O'Neil,* 361 S.C. 267, 270, 603 S.E.2d 629, 631 (Ct.App.2004).

## *LAW/ANALYSIS*

### I. Timely Service under Rule 3(a)

Hooper maintains the trial court erred in granting Ebenezer summary judgment, arguing under Rule 3(a), SCRCP, the 120 days for service did not commence until the date the limitations period expired, as opposed to the filing date. We disagree.

Rule 3(a), SCRCP, provides:

A civil action is commenced when the summons and complaint are filed with the clerk of court if:

(1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or

(2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing.

*Id.*

The rule is consistent with section 15–3–20 of the South Carolina Code:

(A) Civil actions may only be commenced within the periods prescribed in this title after the cause of action has accrued, except when, in special cases, a different limitation is prescribed by statute.

(B) A civil action is commenced when the summons and complaint are filed with the clerk of court if actual service is accomplished within one hundred twenty days after filing.

*Id.*

■ This Court explained the importance of statutes of limitation in *Blyth v. Marcus,* 322 S.C. 150, 470 S.E.2d 389 (Ct.App.1996):

A statute of limitations reduces the interval between the accrual and commencement of a right of action to a fixed period, thereby putting to rest claims after the passage of time. This procedural device operates as a defense to limit the remedy available from an existing cause of action. Unless an action is commenced before expiration of the limitations period, the plaintiff's claim is normally barred.

*Id.* at 152, 470 S.E.2d at 390 (citations omitted).

 The purpose of statutes of limitation is to ensure litigation is "brought within a reasonable time in order that evidence be reasonably available and there be some end to litigation." *City of North Myrtle Beach v. Lewis–Davis,* 360 S.C. 225, 231, 599 S.E.2d 462, 464 (Ct.App.2004) (quoting *Webb v. Greenwood County,* 229 S.C. 267, 276, 92 S.E.2d 688, 691 (1956)). "[S]tatutes are designed to promote justice by forcing parties to pursue a case in a timely manner. Parties should act before memories dim, evidence grows stale or becomes nonexistent, or other people act in reliance on what they believe is a settled state of public affairs." *State ex rel. Condon v. City of Columbia,* 339 S.C. 8, 19, 528 S.E.2d 408, 413–14 (2000).

Statutes of limitation ... protect people from being forced to defend themselves against stale claims. The statutes recognize that with the passage of time, evidence becomes more difficult to obtain and is less reliable. Physical evidence is lost or destroyed, witnesses become impossible to locate, and memories fade. With passing time, a defendant faces an increasingly difficult task in formulating and mounting an effective defense. Additionally, statutes of limitation encourage plaintiffs to initiate actions promptly while evidence is fresh and a court will be able to judge more accurately.

*Moriarty v. Garden Sanctuary Church of God,* 334 S.C. 150, 163–64, 511 S.E.2d 699, 706 (Ct.App.1999), *aff'd,* 341 S.C. 320, 534 S.E.2d 672 (2000).

Statutes of limitations are not simply technicalities. On the contrary, they have long been respected as fundamental to a well-ordered judicial system. Statutes of limitations embody important public policy considerations in that they stimulate activity, punish negligence, and promote repose by

giving security and stability to human affairs. One purpose of a statute of limitations is to relieve the courts of the burden of trying stale claims when a plaintiff has slept on his rights. Another purpose of a statute of limitations is to protect potential defendants from protracted fear of litigation.

*Moates v. Bobb,* 322 S.C. 172, 176, 470 S.E.2d 402, 404 (Ct.App.1996) (internal citations and quotations omitted).

The cornerstone policy consideration underlying statutes of limitations is the laudable goal of law to promote and achieve finality in litigation. Significantly, [s]tatutes of limitations provide potential defendants with certainty that after a set period of time, they will not be hailed [sic] into court to defend time-barred claims. Moreover, limitations periods discourage plaintiffs from sitting on their rights. Statutes of limitations are, indeed, fundamental to our judicial system.

*Carolina Marine Handling, Inc. v. Lasch,* 363 S.C. 169, 175–76, 609 S.E.2d 548, 552 (Ct.App.2005) (alterations in original) (internal citations and quotations omitted).

The statute of limitations period for wrongful death and negligence actions is three years. S.C.Code Ann. § 15–3–530(5), (6) (2005) ("Within three years: (5) an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law, and those provided for in Section 15–3–545; (6) an action under Sections 15–51–10 to 15–51–60 for death by wrongful act, the period to begin to run upon the death of the person on account of whose death the action is brought"); S.C.Code Ann. § 15–3–20(A) (2005) ("Civil actions may only be commenced within the periods prescribed in this title after the cause of action has accrued, except when, in special cases, a different limitation is prescribed by statute."). The statute of limitations on a negligence claim accrues at the time of the negligence or when facts and circumstances would put a person of common knowledge on notice that he might have a claim against another party. *Kreutner v. David,* 320 S.C. 283, 285, 465 S.E.2d 88, 90 (1995). This standard is known as the discovery rule. *Id.* "The statute is not delayed until the injured party seeks advice of counsel or develops a full-blown

theory of recovery; instead, reasonable diligence requires a plaintiff to 'act with some promptness.'" *Maher v. Tietex Corp.*, 331 S.C. 371, 377, 500 S.E.2d 204, 207 (Ct.App.1998) (citations omitted).

"Under Rule 3(a), SCRCP, a civil action is commenced by the filing and service of a summons and complaint." *Louden v. Moragne*, 327 S.C. 465, 468, 486 S.E.2d 525, 526 (Ct.App.1997). "Service of the summons brings the defendant within the court's jurisdiction and gives the court the power to render a personal judgment against the person served." Id. (citing James F. Flanagan, *South Carolina Civil Procedure* 7 (2d ed.1996)). If the defendant is "not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing." Rule 3(a)(2), SCRCP; *see also* S.C.Code Ann. § 15–3–20(B) (2005) ("A civil action is commenced when the summons and complaint are filed with the clerk of court if actual service is accomplished within one hundred twenty days after filing.").

If a statute's terms are clear, the court must apply the terms according to their literal meaning. *Brown v. S.C. Dep't of Health & Envtl. Control*, 348 S.C. 507, 515, 560 S.E.2d 410, 414 (2002). "An appellate court cannot construe a statute without regard to its plain meaning and may not resort to a forced interpretation in an attempt to expand or limit the scope of a statute." Id. Section 15–3–20 and Rule 3 pellucidly state if the defendant is not served within the limitations period, service must occur within 120 days after the pleadings are filed.

Hooper does not dispute Ebenezer was served after the limitations period expired and 129 days after she filed the complaint. As evidenced by the transpicuous language in both Rule 3 and section 15–3–20, service must be completed within 120 days of the filing of the complaint if service is not completed during the limitations period. Hooper did not commence the action within the statutory period. The trial court did not err in granting Ebenezer summary judgment based on the statute of limitations.

## II. Equitable Tolling/Statute of Limitations

 Hooper avers the statute of limitations should be tolled. South Carolina has rarely applied the doctrine of equitable tolling to halt the running of the statute of limitations. Equitable tolling is reserved for extraordinary circumstances. This case does not present such exceptional facts.

In *Hopkins v. Floyd's Wholesale*, 299 S.C. 127, 382 S.E.2d 907 (1989), our Supreme Court determined the statute of limitations is tolled for a workers' compensation claim during a reliance period in "which an employee is induced by the employer to believe his claim is compensable and will be taken care of without the employee filing a claim." *Id.* at 129, 382 S.E.2d at 908. The Court announced:

> We believe the rule ... which tolls the statute of limitations during the reliance period is the better rule. The fact finder in these types of cases must necessarily determine that a reliance period existed and that the claim is otherwise compensable. To hold that claims must be filed within a reasonable time following the end of the reliance period would add yet another layer of fact finding resulting in greater uncertainty as to which claims are compensable. This uncertainty would inevitably result in an increase in litigation associated with such claims.

*Id.* at 129–130, 382 S.E.2d at 909.

*Tiralango v. Balfry*, 335 S.C. 359, 517 S.E.2d 430 (1999), addressed tolling the statute of limitations with respect to nonresident motorists. Tiralango, a New York resident, and Balfry, a Quebec resident, were involved in an auto accident in Myrtle Beach on April 5, 1992. Balfry's address was recorded on the police report the day of the accident, but Tiralango did not request and receive a copy of the report for approximately one month. Tiralango filed a summons and complaint against Balfry on March 21, 1995, and served Balfry on April 11, 1995. The action was filed before the running of the three year statute of limitations, but Balfry was not served within three years. (The former Rule 3, SCRCP, did not include the provision allowing for service within 120 days of the filing of the summons and complaint and required service within the statute of limitations.) The South Carolina Supreme Court granted certiorari to review whether the statute of limitations

should be tolled while the defendant's address is unknown to the plaintiff.

The Court inculcated:

Resolution of this issue turns upon construction of the phrase "known to the plaintiff" in *Meyer* [*v. Paschal,* 330 S.C. 175, 498 S.E.2d 635 (1998)]. If construed as a requirement of actual, subjective knowledge, then the statute is tolled for the period during which Tiralango did not "know" Balfry's address. If construed as an objective knowledge requirement, i.e., "could have/should have known," then the statute is not tolled as Balfry's address was at all times available. We find the latter construction more consistent with our opinion in *Meyer,* and with the reasoning in other jurisdictions.

In *Meyer,* we addressed the rationale for holding the statute is not tolled when the defendant is amenable to service, stating, "[t]o construe the tolling statute in the manner urged by the plaintiff (i.e., as being tolled until the plaintiff decides to serve the defendant) would allow suits to be postponed indefinitely, for no good purpose, and to be brought in some cases at the virtually unlimited pleasure of the plaintiff." 330 S.C. at 183, 498 S.E.2d at 639. In the present case, were we to apply an actual knowledge requirement, Tiralango would have been free to wait six months or one year (or longer) to obtain the report and the statute would nonetheless be tolled, notwithstanding the address was at all times available to him. Such a result is patently inconsistent with our holding in *Meyer* and, accordingly, we decline to so hold.

*Id.,* 335 S.C. at 362, 517 S.E.2d at 432 (footnote omitted).

 The doctrine of equitable tolling is articulated with exactitude:

The time requirements in lawsuits between private litigants are customarily subject to equitable tolling if such tolling is necessary to prevent unfairness to a diligent plaintiff. However, equitable tolling, which allows a plaintiff to initiate an action beyond the statute of limitations deadline, is typically available only if the claimant was prevented in some extraordinary way from exercising his or her rights, or, in other words, if the relevant facts present sufficiently

rare and exceptional circumstances that would warrant application of the doctrine.

Equitable tolling has been deemed available where—

— extraordinary circumstances prevented the plaintiff from filing despite his or her diligence.

— the plaintiff actively pursued his or her judicial remedies by filing a defective pleading during the statutory period or the claimant has been induced or tricked by the defendant's misconduct into allowing the filing deadline to pass.

— the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his or her claim.

It has been held that equitable tolling applies principally if the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his or her rights. However, it has also been held that the equitable tolling doctrine does not require wrongful conduct on the part of the defendant, such as fraud or misrepresentation.

51 Am.Jur.2d *Limitation of Actions* § 174 (2007).

The Supreme Court of Alaska distinguished the concepts of equitable tolling and equitable estoppel:

Federal precedent permits equitable estoppel or equitable circumstances to extend the three-year limitations period. Many federal cases seem to merge these two doctrines. For example, *Seattle Audubon Society v. Robertson* [931 F.2d 590 (9th Cir.1991), *rev'd on other grounds,* 503 U.S. 429, 112 S.Ct. 1407, 118 L.Ed.2d 73 (1992)] stated that equitable tolling may be applied when plaintiffs are "prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant." But it is only equitable estoppel that requires wrongful conduct on the part of the defendant, i.e., fraud or misrepresentation. The federal equitable tolling doctrine, on the other hand, does not require any conduct by the defendant.

*Abbott v. State,* 979 P.2d 994, 997–998 (Alaska 1999) (footnotes omitted).

The United States Supreme Court elucidated:

Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (footnotes and citations omitted). The Court annunciated: "But the principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect." *Id.*

Courts often apply equitable tolling when a plaintiff has timely pursued his rights through an administrative body or where a plaintiff was enjoined or otherwise legally prohibited from bringing his claims in a timely manner.

Arizona courts have recognized and applied the equitable tolling doctrine. *See Hosogai v. Kadota*, 145 Ariz. 227, 229, 700 P.2d 1327, 1329 (1985) (applying doctrine when second wrongful death claim untimely filed after successful verdict on first claim overturned on appeal due to defective service of process); *Kosman [v. State]*, 199 Ariz. 184, ¶¶ 6, 10, 16 P.3d at 213 (applying doctrine where plaintiff prisoner failed to timely file notice of claim against state because he first pursued claim through prison's administrative grievance procedure); *Kyles v. Contractors/Eng'rs Supply, Inc.*, 190 Ariz. 403, 404, 406, 949 P.2d 63, 64, 66 (Ct.App.1997) (applying doctrine when right-to-sue letter from Arizona Attorney General's office contained incorrect date by which plaintiff was required to sue on his claim).

*McCloud v. State Ariz. Dep't of Pub. Safety*, 217 Ariz. 82, 170 P.3d 691, 696 (Ct.App.2007).

The Supreme Court of California enunciated:

Equitable tolling is a judge-made doctrine which operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness. This court has applied equitable tolling in carefully consid-

ered situations to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice.

*Lantzy v. Centex Homes,* 31 Cal.4th 363, 2 Cal.Rptr.3d 655, 73 P.3d 517, 523 (2003) (quotations and citations omitted).

The Delaware Supreme Court examined the application of equitable tolling where defendants were subject to substituted service:

In any event, whatever the precise argument made may be, we think that the Delaware statute of limitations on actions for personal injuries runs continuously without interruption when there is available to the plaintiff throughout the period an acceptable means of bringing the defendant into court. Therefore, the answer to the first question posed is that there has been no tolling of the statute of limitations since these defendants, at all times, were subject to substituted service.

*Hurwitch v. Adams,* 52 Del. 247, 155 A.2d 591, 594 (1959).

The Florida court observed, as an equitable remedy, the prejudice to the defendant must be considered before application:

The doctrine of equitable tolling was developed to permit under certain circumstances the filing of a lawsuit that otherwise would be barred by a limitations period. *See Bailey v. Glover,* 88 U.S. (21 Wall.) 342, 22 L.Ed. 636 (1874). The tolling doctrine is used in the interests of justice to accommodate both a defendant's right not to be called upon to defend a stale claim and a plaintiff's right to assert a meritorious claim when equitable circumstances have prevented a timely filing. Equitable tolling is a type of equitable modification which " 'focuses on the plaintiff's excusable ignorance of the limitations period and on [the] lack of prejudice to the defendant.' " *Cocke v. Merrill Lynch & Co.,* 817 F.2d 1559, 1561 (11th Cir.1987) (quoting *Naton v. Bank of California,* 649 F.2d 691, 696 (9th Cir.1981)). Contrary to the analysis of the majority below, equitable tolling, unlike estoppel, does not require active deception or employer misconduct, but focuses rather on the employee with a reasonably prudent regard for his rights.

*Machules v. Dep't of Admin.*, 523 So.2d 1132, 1133–1134 (Fla.1988) (footnotes omitted).

Maryland case law disfavors tolling the statute of limitations:

We have long maintained a rule of strict construction concerning the tolling of the statute of limitations. Absent legislative creation of an exception to the statute of limitations, we will not allow any implied and equitable exception to be engrafted upon it.

*Hecht v. Resolution Trust Corp.*, 333 Md. 324, 635 A.2d 394, 399 (1994) (quotations and citations omitted).

Arguably, appellees were on notice of Walko's claim once the motion to intervene was filed. As we have indicated, however, Walko's approach to this case was hardly one of vigilance. The statute of limitations reflects a legislative judgment of what is deemed an adequate period of time in which "a person of ordinary diligence" should bring his action. *Ferrucci v. Jack*, 255 Md. 523, 526, 258 A.2d 414 (1969); *McMahan v. Dorchester Fert. Co.*, 184 Md. [155] at 159, 40 A.2d 313 [(1944)]. The unexplained delay in bringing a timely action here hardly bespeaks the "ordinary diligence" required of one seeking to toll the statute of limitations. *Cromwell v. Ripley*, 11 Md.App. at 182, 273 A.2d 218. In a very real sense, Walko has slept on its rights, *Johnson v. Railway Express Agency*, 421 U.S. 454, 466, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), and cannot be heard to complain now for its own tarriance. *See Braxton v. Virginia Folding Box Co.*, 72 F.R.D. at 126–27 (Before limitations had run, plaintiffs successfully intervened in pending civil rights action, but later voluntarily withdrew motion and commenced independent action seeking same relief after statutory period had expired; court held that limitations had not been tolled by timely and successful intervention, thus barring plaintiffs' independent action.).

*Walko Corp. v. Burger Chef Sys., Inc.*, 281 Md. 207, 378 A.2d 1100, 1104 (1977).

The Court of Appeals of Michigan explicated that the plaintiff must exercise due diligence in order to invoke equitable tolling:

In view of the strong policy considerations favoring statutes of limitation, we hold that plaintiff's reliance upon a misdated court order did not constitute due diligence sufficient to toll the running of the statutory period of limitation. Defendant Pukoff should not be denied the protections afforded by the statute on so casual a basis. We hold that a minimum standard of due diligence in the case at bar would have included an investigation by plaintiff of the *primary source* of records of liquor licensees as of the date of the accident. A plaintiff's right to obtain information as to the identity of liquor licensees from the Michigan Liquor Control Commission is provided by the Michigan Freedom of Information Act. . . .

*Ray v. Taft,* 125 Mich.App. 314, 336 N.W.2d 469, 473 (1983).

Mississippi courts require earnest efforts by plaintiffs seeking tolling:

The parties do not provide nor can we find any instance where "excusable neglect" has tolled or otherwise stayed a statute of limitations. That today's decision works to preclude McKinley's and Dixon's representatives' day in court is of no consequence. *Watters v. Stripling,* 675 So.2d 1242, 1244 (Miss.1996) (*citing Traina v. United States,* 911 F.2d 1155 (5th Cir.1990)). There is nothing in the record to indicate that the representatives' failure to file was anything other than a result of their own inactions or omissions.

*City of Tupelo v. Martin,* 747 So.2d 822, 829 (Miss.1999).

The Supreme Court of New Mexico opined:

Equitable tolling is a nonstatutory tolling theory which suspends a limitations period. *See Gathman–Matotan Architects and Planners, Inc. v. State Dep't of Fin. & Admin.,* 109 N.M. 492, 494, 787 P.2d 411, 413 (1990). Equitable tolling typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control. *Martinez v. Orr,* 738 F.2d 1107, 1110 (10th Cir.1984). However, where a plaintiff fails to receive notice of the right to sue through his or her own fault, equitable tolling does not apply. *See Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot

invoke equitable principles to excuse that lack of diligence.").

*Ocana v. American Furniture Co.,* 135 N.M. 539, 91 P.3d 58, 66 (2004).

The North Dakota Supreme Court determined a plaintiff's failure to timely serve the defendants did not warrant equitable tolling:

> Even if we were to adopt the equitable tolling doctrine in this case, Riemers' failure to commence his action against the defendants within the statute of limitations was not the result of his timely pursuit of one of several other available legal remedies which may have tolled the statute of limitations. Rather, as in *Reid* [*v. Cuprum SA, de C.U.*], 2000 ND 108, ¶ 16, 611 N.W.2d 187, Riemers' failure to commence his action within the statute of limitations resulted from his failure to effectuate timely service of process on the defendants. We therefore conclude the equitable tolling doctrine would not apply to Riemers' claims.

*Riemers v. Omdahl,* 687 N.W.2d 445, 454 (N.D.2004).

 Hooper's equitable tolling argument relies on an unpublished order of the United States District Court in *Snyder v. Roberts,* No. 0:04–22910–CMC–BM, 2006 WL 22181 (D.S.C. 2006). We are not bound by that court's interpretation of South Carolina law. *Santee River Cypress Lumber Co. v. Query,* 168 S.C. 112, 117, 167 S.E. 22, 24 (1932) ("We are not bound by the construction placed upon the Statute by any Federal Court, and the Federal Courts should adopt and follow our construction."). In *Snyder,* the plaintiff filed a *pro se* action arising out of an automobile accident. Under the federal procedure, which differs from South Carolina procedure, the court issues the summons and complaint. When a *pro se* complaint is filed in district court, it is forwarded to a staff attorney who makes a recommendation to a Magistrate Judge. *Snyder,* 2006 WL 22181 at *1. The Magistrate Judge decides whether a summons should issue or whether to recommend dismissal of some or all claims. *Id.* In *Snyder,* there was some delay because one plaintiff did not submit an original signature on a document, but that defect was cured. The summonses were ultimately issued 101 days after the

action was filed. Plaintiffs effected service 31 days later; service occurred 132 days after the action was filed. *Id.* at *2.

"The order authorizing issuance of the summonses advised Plaintiffs service was required to be accomplished within 120 days of filing of the complaint. . . . The order made no reference to the corresponding state court rules which govern when actions are 'commenced' for statute of limitations purposes." *Id.* The court analyzed the situation where the state rule did not contemplate delays by the court that arose under the federal procedure:

> This court is, therefore, faced with a state court rule and statute which suggest no leeway in the requirement for service within 120 days but which do not envision court imposed delays in issuance of the summons such as are required or authorized in federal court. The state court rule (and corresponding statute) do not, in any case, appear to anticipate court imposed delay of service which leaves plaintiffs with only the most minimal time (19 or fewer days in the present case) within which to serve the complaint before expiration of the 120 day period allowed under S.C.R. Civ. P. 3(a)(2). The situation is further complicated in the case at bar because the order which was forwarded to Plaintiffs with the summonses referred only to the federal service requirements and, in doing so, suggested the time could be extended for "good cause." *See* Dkt No. 5 (advising Plaintiffs the 120 day service requirement of Fed. R.Civ.P. 4(m) could only be extended upon a showing of good cause).

*Id.* at *5 (footnote omitted).

The court explained:

> [t]hat trial courts have the inherent authority to extend the time for service under the state court's commencement rules where the delay in service is the result of the *court's* delay in authorizing service and where such delay is so substantial as to significantly impair the plaintiff's ability to effect timely service.

*Id.* at *5.

Hooper did not ask the court to allow service by publication pursuant to section 15–9–710 of the South Carolina Code. *Wachovia Bank of S.C., N.A. v. Player,* 341 S.C. 424, 428–429,

535 S.E.2d 128, 130 (2000) ("An order for service by publication may be issued pursuant to [the code] when an affidavit, satisfactory to the issuing officer, is made stating that the defendant, a resident of the state, cannot, after the exercise of due diligence, be found, and that a cause of action exists against him."); *Montgomery v. Mullins,* 325 S.C. 500, 505, 480 S.E.2d 467, 470 (Ct.App.1997) ("Service of process by publication is authorized . . . where the defendant is a resident of this state, but after a diligent search cannot be found in this state.").

In the instant case, the court did not create the delay in service. Hooper failed to diligently investigate the relationship between Ebenezer and Agape soon after filing to see if personal service could be accomplished at the facility. After determining the registered agent was not at the address provided in Columbia, Hooper did not seek leave from the court to effect service by publication.

The present litigation does not rise to the level necessary for the application of the salutary and salubrious doctrine of equitable tolling. Concomitantly, we refuse to actualize the doctrine of equitable tolling to the relevant statute of limitations in this case.

### III. Equitable Estoppel

Hooper contends Ebenezer should be estopped from asserting the statute of limitations as a defense due to its failure to maintain current information for a registered agent with the Secretary of State. Her asseveration fails because the elements of estoppel are not fulfilled.

The Supreme Judicial Court of Maine differentiated the concepts of equitable tolling and equitable estoppel in *Dasha v. Maine Medical Center,* 665 A.2d 993 (Me.1995).

> The doctrine of equitable estoppel is distinct from the doctrine of equitable tolling. In cases of equitable estoppel, the statute of limitations has expired and the defendant asserts the running of the statute of limitations as a defense. The defendant, however, is estopped from benefitting from the statute of limitations as a defense because the defendant has acted in such a way as to cause the claimant to forego filing a timely cause of action. *See Vacuum Sys., Inc. v.*

*Bridge Constr. Co.,* 632 A.2d 442, 444 (Me.1993); *Hanusek v. Southern Me. Medical Ctr.,* 584 A.2d 634, 637 (Me.1990). In contrast, in cases involving the doctrine of equitable tolling, the defendant does not have the statute of limitations as a valid defense because it has not yet run. Rather, the statute of limitations is tolled when strict application of the statute of limitations would be inequitable. *Lambert v. United States,* 44 F.3d 296, 298 (5th Cir.1995).

*Id.* at 996 n. 2.

 This Court previously expounded upon equitable estoppel in *Dillon County School Dist. No. Two v. Lewis Sheet Metal Works, Inc.,* 286 S.C. 207, 332 S.E.2d 555 (Ct.App.1985), *overruled on other grounds, Atlas Food Sys. & Servs., Inc. v. Crane Nat. Vendors Div. of Unidynamics Corp.,* 319 S.C. 556, 462 S.E.2d 858 (1995).

In a proper case, the doctrine of equitable estoppel may prevent resort to the statute of limitations. *Servomation Corporation v. Hickory Construction Co.,* 70 N.C.App. 309, 318 S.E.2d 904 (1984), *remanded,* 312 N.C. 794, 325 S.E.2d 632 (1985); *City of Bedford v. James Leffel & Co.,* 558 F.2d 216 (4th Cir.1977); 51 Am.Jur.2d *Limitation of Actions* § 431 at 900 (1970); *see Clements v. Greenville County,* 246 S.C. 20, 142 S.E.2d 212 (1965). A defendant will be estopped to assert the statute of limitations in bar of a plaintiff's claim when the delay that otherwise would give operation to the statute has been induced by the defendant's conduct. 53 C.J.S. *Limitations of Actions* § 25 at 962–64 (1948).

*Dillon County School Dist. No. Two,* 286 S.C. at 218, 332 S.E.2d at 561.

 Our Supreme Court defined the essential elements of equitable estoppel:

Elements of equitable estoppel as to the party estopped are: (1) conduct by the party estopped which amounts to a false representation or concealment of material facts; (2) the intention that such conduct shall be acted upon by the other party; and (3) knowledge, actual or constructive, of the true facts. *Ingram v. Kasey's Assocs.,* 340 S.C. 98, 531 S.E.2d 287 n. 2 (2000). Essential elements of estoppel as related to the party claiming the estoppel are: (1) lack of knowledge

and of means of knowledge of truth as to facts in question; (2) reliance upon conduct of the party estopped; and (3) prejudicial change in position. *Mayes v. Paxton,* 313 S.C. 109, 437 S.E.2d 66 (1993). "Estoppel cannot exist if the knowledge of both parties is equal and nothing is done by one to mislead the other." *Evins v. Richland County Historic Pres. Comm'n,* 341 S.C. 15, 15, 532 S.E.2d 876, 878 (2000).

*Zabinski v. Bright Acres Assocs.,* 346 S.C. 580, 589, 553 S.E.2d 110, 114 (2001).

Under South Carolina law, a defendant may be estopped from claiming the statute of limitations as a defense if the delay that otherwise would give operation to the statute had been induced by the defendant's conduct. Such inducement may consist of an express representation that the claim will be settled without litigation or conduct that suggests a lawsuit is not necessary. The defendant's conduct may also involve inducing the plaintiff either to believe that an amicable adjustment of the claim will be made without suit or to forbear exercising the right to sue.

*Kleckley v. Nw. Nat. Cas. Co.,* 338 S.C. 131, 136–137, 526 S.E.2d 218, 220 (2000) (quotations and citations omitted).

 We previously illuminated the application of estoppel when a party portrays the claim will be settled:

Similarly, in situations involving settlements in civil cases, one will be equitably estopped to defend with the statute of limitations by either (a) expressly representing that the claim will be settled without litigation, or (b) conduct which suggests that a lawsuit is not necessary. *See, e.g. Black v. Lexington Sch. Dist. No. Two,* 327 S.C. 55, 488 S.E.2d 327 (1997) (citing and discussing various other cases on this issue). In *Strong v. University of South Carolina School of Medicine,* 316 S.C. 189, 447 S.E.2d 850 (1994), the court discussed the fraudulent concealment defense to the statute of limitations, which flows from the duty to disclose inherent in the relationship between physicians and patients.

Finally, the general doctrine of equitable estoppel has been applied to affect the running of the statute of limitations in other situations besides those of unconsummated settlement. Equitable estoppel operates to deny a party "the

right to plead or prove an otherwise important fact." *Parker v. Parker*, 313 S.C. 482, 487, 443 S.E.2d 388, 391 (1994).

*Maher v. Tietex Corp.*, 331 S.C. 371, 380–381, 500 S.E.2d 204, 209 (Ct.App.1998).

The South Carolina Supreme Court upheld a trial court's refusal of an equitable estoppel contention where the plaintiff had not proved the delay was due to the defendant's conduct:

> In *Vines* [*v. Self Memorial Hospital*], 314 S.C. 305, 443 S.E.2d 909 [(1994)], which was brought under the Tort Claims Act, the defendant claimed the statute of limitations as a bar, and the plaintiff argued the defendant was equitably estopped from asserting the statute. The plaintiff based her equitable estoppel argument on the fact the defendant's employees assisted her in completing certain claim forms. She argued that this assistance "caused her to believe she had done all that she needed to do." *Vines*, 314 S.C. at 308, 443 S.E.2d at 911. The trial court rejected this argument and granted the defendant's motion for summary judgment based on the statute of limitations. On appeal, this Court affirmed, finding there was no showing that the plaintiff had delayed filing suit in reliance on the defendant hospital's conduct. *Id.*

*Black v. Lexington School Dist. No. 2*, 327 S.C. 55, 61, 488 S.E.2d 327, 330 (1997).

In the case at bar, Hooper was not delayed from filing her action, but she advances Ebenezer's failure to maintain a registered agent's current address hindered service. No evidence suggests Ebenezer's omission in updating the Secretary of State was intended to defraud or conceal facts from Hooper. Ebenezer had no knowledge Hooper would rely on the information to attempt service. When questioned by Hooper's investigator, Inkelaar freely admitted she was authorized to accept service for Ebenezer.

Ebenezer did not engage in conduct warranting estoppel to preclude the assertion of the statute of limitations as a defense. The trial court correctly rejected Hooper's estoppel argument.

## IV. Rule 86 to Resurrect Former Procedure

 Hooper posits because of Rule 86, SCRCP, the trial court erred in failing to apply the previous version of Rule 3, SCRCP, instead of the current rule. We disagree.

Rule 86(a) of the South Carolina Rules of Civil Procedure states:

These rules shall take effect on July 1, 1985. They govern all proceedings in civil actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies.

*Id.*

The former "Rule 3(b), SCRCP, tolls the statute of limitations once a plaintiff files his summons and complaint and delivers the pleadings to the sheriff of the county where the defendant was known to last reside for service upon the defendant, provided actual service occurs within a reasonable time thereafter." *Montgomery v. Mullins*, 325 S.C. at 504, 480 S.E.2d at 469 (citing *Hughes v. Water World Water Slide, Inc.*, 314 S.C. 211, 442 S.E.2d 584 (1994)).

In 2002, the legislature amended S.C.Code Ann. § 15–3–20 to add: "(B) A civil action is commenced when the summons and complaint are filed with the clerk of court if actual service is accomplished within one hundred twenty days after filing." *Id.* Rule 3, SCRCP, was revised to conform it to the amended statute. The revised rule took effect April 27, 2004.

Rule 86, SCRCP, only applies to cases pending when the new rule takes effect. In the case *sub judice*, the rule changed almost two years before Hooper filed the complaint on February 8, 2006. This case was not pending when the rules changed, and Rule 86 does not apply. The trial court did not err in failing to apply the former version of Rule 3 in lieu of the current version.

## CONCLUSION

We hold Hooper did not commence her action within the statute of limitations due to the fact she served Ebenezer after

the running of the statute and outside 120 days of filing. We rule the doctrine of equitable tolling is inapposite because nothing prevented Hooper from timely filing her suit, and there were no extraordinary circumstances or encumbrances to hinder timely service by a diligent plaintiff. We conclude Ebenezer's failure to update its registered agent's information with the Secretary of State did not rise to false representation or concealment to warrant estoppel. Current Rule 3, SCRCP, is controlling rather than a former version.

Accordingly, the order of the circuit court is

**AFFIRMED.**

SHORT and THOMAS, JJ., concur.