715 S.E.2d 359

**Jekeithlyn ROSS, Appellant,**

v.

**Jimmy ROSS, Respondent.**

**No. 4854.**

Court of Appeals of South Carolina.

Heard May 4, 2011.
Decided July 20, 2011.

David Michael Collins, Jr., and N. Douglas Brannon, both of Spartanburg, for Appellant.

Hattie Evans Boyce, of Spartanburg, for Respondent.

HUFF, J.

Jekeithlyn Ross (Wife) appeals a family court order denying her claim for alimony, arguing the family court erred in determining the physical violence and threats of violence by Jimmy Ross (Husband) did not justify the application of equitable tolling for Wife's claim. We reverse and remand.

## FACTS

Husband and Wife were divorced on March 4, 2005, on the statutory ground of habitual drug use by Wife. In the divorce decree, the family court gave Wife thirty days to initiate a claim for alimony. On July 20, 2007, Wife filed a complaint seeking "a reasonable amount of permanent periodic alimony." The family court bifurcated Wife's request for alimony and ordered a hearing on whether Husband threatened or coerced Wife to prevent her from filing the action for alimony.

At the hearing, Wife testified about the tumultuous nature of the marriage and their relationship following the divorce. She testified Husband physically abused her during and after the marriage. According to Wife, she did not seek alimony earlier because Husband threatened to kill her if she pursued a claim against him. She presented evidence this threat caused her to enter into a safe house in June of 2005. In addition, she presented evidence he continued to harass her while she was working at Dillard's department store. She also testified he attacked her in April, 2007 when she came home from work. As a result of this attack, Husband was arrested and charged with criminal domestic violence, and Wife received a protective order against him. Throughout her testimony, Wife admitted she could not afford a lawyer; however, she always accompanied this admission with testimony she continued to be afraid of Husband.

Husband testified he did not threaten Wife and had very little contact with her following the divorce. He claimed he did not know where she lived following the divorce.

The family court found Husband "prevent[ed] [Wife] from exercising her right to seek alimony under the previous court order by the use of physical violence and threats." However, the family court also found Wife "later did not seek alimony because she could not afford an attorney." The family court

concluded, "While the facts of this case may have at one time supported the rare application of equitable tolling, the delay of two and a half years in seeking alimony is unreasonable and does not reflect that [Wife] exercised the requisite diligence in this matter." This appeal followed.

## STANDARD OF REVIEW

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons,* 392 S.C. 412, 414–15, 709 S.E.2d 666, 667 (2011); *see Lewis v. Lewis,* 392 S.C. 381, 385–86, 709 S.E.2d 650, 652 (2011). However, we recognize that the family court is in a superior position to determine the credibility of the witnesses. *Lewis,* 392 S.C. at 390–92, 709 S.E.2d at 655. Furthermore, the burden is on the appellant to demonstrate the family court's findings are against the preponderance of the evidence. *Id.* Accordingly, we will affirm the findings of the family court unless the appellant satisfies this court that the preponderance of the evidence is against those findings. *Id.*

## LAW/ANALYSIS

Wife argues the family court erred in holding her claim for alimony was time barred.

The family court relied on this court's opinion in *Hooper v. Ebenezer Senior Services & Rehabilitation Center,* 377 S.C. 217, 231–32, 659 S.E.2d 213, 220 (Ct.App.2008), *rev'd,* 386 S.C. 108, 687 S.E.2d 29 (2009), in which this court held: "The time requirements in lawsuits between private litigants are customarily subject to equitable tolling if such tolling is necessary to prevent unfairness to a diligent plaintiff ... [and] is typically available only if the claimant was prevented in some extraordinary way from exercising his or her rights...." While this court held the case was barred by the statute of limitations, the supreme court reversed, finding application of the doctrine was warranted by the facts of that case. *Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr.,* 386 S.C. 108, 687 S.E.2d 29 (2009).[1] The supreme court explained the

---

1. The supreme court issued its opinion in *Hooper* after the family court's order was filed.

doctrine of equitable tolling may be applied to toll the running of the statute of limitations "to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits...." *Id.* at 115, 687 S.E.2d at 32. The court explained:

> The equitable power of a court is not bound by cast-iron rules but exists to do fairness and is flexible and adaptable to particular exigencies so that relief will be granted when, in view of all the circumstances, to deny it would permit one party to suffer a gross wrong at the hands of the other. Equitable tolling may be applied where it is justified under all the circumstances.

*Id.* at 116–17, 687 S.E.2d at 33 (internal quotation marks and citation omitted).

 The court noted the party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use. *Id.* at 115, 687 S.E.2d at 32. The supreme court cautioned, "[E]quitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use." *Id.* at 117, 687 S.E.2d at 33.

Husband was charged with criminal domestic violence three times during the marriage. The abuse continued after the parties' divorce. In June, 2005, Wife received counseling and shelter from Safe Homes Emergency Shelter in Spartanburg citing fear of Husband to counselors. She told a staff person "she had been threatened to be killed if she pursued alimony." Wife lived at the safe home for two months. She claimed during that time Husband attempted to contact her through the mail.

Husband's harassment of Wife continued while she was employed with Dillard's department store.[2] Wife testified Husband followed her home from work and hung around waiting on her. In addition, she testified Husband came into the store and threw balls of paper at her. As a result, the store placed a trespass notice against him.[3]

---

2. Although the record is not clear when the harassment incidents occurred, it shows Wife began her employment with Dillard's in October, 2005, and apparently she was still employed by Dillard's at the time South Carolina Vocational Rehabilitation successfully closed its file on her in November, 2006.

3. Husband testified this event did not occur and he was not banned from the store.

One of Wife's co-workers from Dillard's testified that on more than one occasion when she was giving Wife a ride home from work, Husband followed them. On other occasions during the drive home, Wife received telephone calls from Husband, which Wife placed on speaker phone. The coworker testified she could hear the anger in his voice. On one occasion, the co-worker found Husband standing near her car in the parking lot after Wife had borrowed it and had left her laundry in the car. The co-worker stated Wife said she was fearful for her safety, and the co-worker believed the fears were justified.

Wife stated that on April 6, 2007, Husband attacked her in the parking lot of her apartment complex. He was arrested and charged with criminal domestic violence as a result of the attack. Following this incident, Wife successfully sought a protective order against Husband, which remained effective until April 18, 2008. Wife filed her complaint for alimony approximately three months after the 2007 attack.

The family court found Wife established Husband prevented her from bringing the alimony action by the use of physical violence and threats. However, the court found that at some point, the reason Wife failed to bring the action was because she could not afford an attorney rather than her fear of Husband. Although Wife testified several times she was unable to afford an attorney, these statements were continuously coupled with testimony she was still afraid of Husband. The evidence indicates Wife was threatened and abused throughout the marriage, and the threats and abuse continued until at least April, 2007. The record does not support a finding that at some point the threats and abuse stopped and only Wife's inability to hire counsel prevented her from bringing the action. Accordingly, we find the family court erred in denying Wife's claim for alimony. We therefore remand the case to the family court to determine whether Wife is entitled to pursue her claim for alimony.[4]

**REVERSED AND REMANDED.**

---

4. Wife argues on appeal the family court erred in applying the stringent standard of equitable tolling set forth in *Hooper* because the time limitation in the case was created by a judge rather than by a statute of limitations. We find this argument is not properly before the court and

SHORT, J. concurs.

PIEPER, J., concurs in a separate opinion.

PIEPER, J., concurring.

I concur in the decision to remand this case to the family court. However, I would specifically find that the posture of this bifurcated case does not warrant the application of equitable tolling to the court-imposed time period ordered by the family court. Instead, I would remand to allow the family court to make findings as to whether Wife has shown sufficient cause to extend the original court-imposed time period in which to pursue her claim for alimony. *See* Rule 6(b), SCRCP (permitting the enlargement of time within the court's discretion "upon motion made after the expiration of the specified period, for good cause shown, to permit the act to be done."); Rule 2(a), SCRFC (not exempting Rule 6, SCRCP, from family court proceedings). Moreover, a remand is appropriate because the family court employed a stricter equitable tolling analysis to the request, as opposed to a more liberal Rule 6 analysis.

---

is not the basis for our decision. *See Wilder Corp. v. Wilke,* 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."). However, on remand, the family court should consider applying Rule 6 of the South Carolina Rules of Civil Procedure, which provides when a court order requires or allows an act to be done at or within a specified time, "upon motion made after the expiration of the specified period, for good cause shown, [the court may] permit the act to be done."